All the judges concurred, except DAVIES, Ch. J., and LEONARD, J., who did not vote.

Judgment reversed, and new trial ordered, costs to abide the event.

---

## STAIGER *v.* SCHULTZ.

September, 1867.

In actions of an equitable nature—*e. g.,* for an injunction—it is discretionary with the court in which the action is brought to grant or refuse

costs. The amendments to the Code of Procedure, passed in 1862, did not affect this rule.

An order of such court, directing that the plaintiff may discontinue the action without costs, is not reviewable in the court of appeals.*

Jacob Staiger sued Jackson S. Schultz and others, the commissioners of the metropolitan board of excise, in the N. Y. common pleas, to restrain defendants from enforcing the excise law of 1866, on the ground that it was unconstitutional.

*The common pleas* held the act to be constitutional; and plaintiff was allowed on motion to discontinue without costs, and entered judgment accordingly. Defendants appealed, on the ground that they were entitled to costs.

*George Bliss, Jr.,* attorney for defendants, appellants;—Cited *Code*, §§ 304, 305, 306 ; 53 ; 11, subd. 2 ; Worden v. Brown, 14 *How. Pr.* 327 ; 2 *R. S.* 613, §§ 1, 2 ; 1 *Barb. Ch.* 225, 226 ; Lewis v. Germond, 1 *Paige,* 300 ; Hammersley v. Barker, 2 *Id.* 372 ; Palmer v. Van Doren, 3 *Edw.* 384 ; Rogers v. Holly, 18 *Wend.* 351 ; Dixon v. Parks, 1 *Ves. Jr.* 402 ; Anon., *Id.* 140 ; Fidelle v. Evans, 1 *Bro. C. C.* 267 ; Lancashire & Y. R. R. Co. v. Evans, 14 *Beav.* 529 ; South Staffordshire R. R. Co. v. Hale, 16 *Jur.* 160 ; Pennell v. Wilson, *MSS. Sup. Ct. General Term,* 1867 ; Seaboard & Roanoke R. R. Co. v. White, 1 *Abb. Pr.* 49 ; S. C., 18 *Barb.* 595, 598 ; Averill v. Patterson, 10 *N. Y.* (6 *Seld.*) 500 ; McGregor v. Comstock, 19 *N. Y.* 581 ; Decker v. Gardiner, 8 *N. Y.* (4 *Seld.*) 29 ; Bank of Geneva v. Reynolds, 33 *N. Y.* 160 ; reversing 12 *Abb. Pr.* 81 ; S. C., 20 *How. Pr.* 18 ; Rapalee v. Stewart, 27 *N. Y.* 310 ; Betts v. Garr, 26 *Id.* 383 ; Bartle v. Gilman, 18 *Id.* 260 ; S. C., 17 *How. Pr.* 2 ; Bates v. Voorhees, 20 *N. Y.* 525 ; Livingston's Petition, 2 *Abb. Pr. N. S.* 1 ; S. C., 34 *N. Y.* 555 ; 32 *How. Pr.* 20 ; Beach v. Chamberlain, 3 *Wend.* 366 ; Cruger v. Douglass, 8 *Barb.* 81 ; Russell v. Conn, 20 *N. Y.* 81 ; Travis v. Waters, 12 *Johns.* 500 ; Johnson v. Taber, 10 *N. Y.* (6 *Seld.*) 319 ; Spencer v. Spencer, 11

---

* Compare Leslie v. Leslie, 10 *Abb. Pr. N. S.* 64 ; affirming 3 *Daly,* 194 ; De Barante v. Deyermand, 4 *N. Y.* 355.

*Paige,* 308; Chappell *v.* Purday, 2 *Phill.* 227; Power *v.* Reeves, 10 *House Lds. Cas.* 655; Angell *v.* Davis, 4 *M. & Cr.* 360; Simpson *v.* Westminster Pal. Hot. Co., 2 *De G. F. & H.* 153; Ely *v.* Holton, 15 *N. Y.* 600; Giraud *v.* Beach, 4 *E. D. Smith,* 33; S. C., 10 *How. Pr.* 369; Noble *v.* Trotter, 4 *Id.* 322; S. C., 3 *Code R.* 35; Silliman *v.* Eddy, 8 *How. Pr.* 124; Sunney *v.* Roach, 4 *Abb. Pr.* 16; St. John *v.* Hart, 16 *How. Pr.* 192; Ludlow *v.* Hackett, 18 *Johns.* 252; Merritt *v.* Arden, 1 *Wend.* 91; Biscoe *v.* Wilks, 3 *Meriv.* 456; *In re* Vaucene, 31 *How. Pr.* 289; *Code,* § 33, subd. 2; § 119; Wendell *v.* Wendell, 3 *Paige,* 510; Wilde *v.* Jenkins, 4 *Id.* 500; Stafford *v.* Mott, 3 *Id.* 100; *L.* 1866, c. 578, §§ 16, 22; 31 *How. Pr.* 333 and note; *Id.* 343.

*Philip F. Smith,* for plaintiff, respondent;—Cited *Code,* §§ 304, 306; Nicoll *v.* Town of Huntington, 1 *Johns. Ch.* 166: Demarest *v.* Wynkoop, 3 *Id.* 129; White *v.* Foljambe, 11 *Ves.* 337; Scott *v.* Thorp, 4 *Edw.* 1; Johnson *v.* Taber, 10 *N. Y.* (6 *Seld.*) 319; Pattison *v.* Hull, 9 *Cow.* 747; Getman *v.* Beardsley, 2 *Johns. Ch.* 274; Eastburn *v.* Kirk, *Id.* 317; Sanger *v.* Wood, 3 *Id.* 416; Cunningham *v.* Freeborn, 11 *Wend.* 241; affirming 3 *Paige,* 557; 1 *Edw.* 256.

BY THE COURT.—BOCKES, J. [After stating facts.]—It is first insisted, that the defendants were entitled to costs as a matter of legal right on dismissal of the complaint, or its equivalent, the discontinuance of the action; and sections 304 and 305 of the Code of Procedure are relied on in support of this position. As these sections stood prior to the amendment of 1862, no question could arise. Prior to that amendment, costs were most clearly in the discretion of the court, in equity actions. Section 304 declared that costs should be allowed to the plaintiff upon a recovery in the cases therein specified, among which were actions of which, "according to section 54, a court of a justice of the peace had no jurisdiction."

Section 305 provided that costs should be allowed of course, to the defendant in the actions mentioned in section 304, unless the plaintiff was entitled to costs therein; and by section 306, in other actions costs were to be allowed or not, in the dis-

cretion of the court. The "other actions" here alluded to, embraced equity actions in which costs would be given or withheld, as the court should direct.

This is very plain; indeed is conceded by all. But by the amendment of 1862, the words "according to section 54" were omitted in subdivision 3 of section 304; and it is insisted that as the section now stands, the plaintiff is entitled to costs in all cases of a recovery by him in an action of which a justice of the peace has no jurisdiction, and as a consequence, by section 305, the defendant must have costs in all such cases if the plaintiff be not entitled to costs.

This construction, however, renders meaningless subdivision 1 of section 306, which declares that "in other actions costs may be allowed or not, in the discretion of the court." It is indisputable that this paragraph embraced equity actions prior to 1862. It was introduced principally, if not solely, with a view to a fair and just imposition of the burden of litigation, according to the equities of the particular case. This right had been exercised by courts having equity powers from time immemorial, and was always deemed essential to the proper exercise of equity jurisdiction.

We cannot believe that the legislature intended to effect so great a change, in the absence of any express declaration to that effect. Had such intention existed, it would not have been left, as we conceive, to mere construction. Especially must we so conclude when such construction renders other provisions of law nugatory.

All the provisions bearing on the subject under consideration should be read together, and should be so construed as to take effect in harmony. Governed by this rule of interpretation, the right to give or withhold costs to a party in equity cases rests in the discretion of the court, as declared by section 306, and such discretion it is not the province of this court to direct or control.

Again : it has always been the practice to permit actions to be discontinued, in the discretion of the court, without costs, even in suits at law, when the defendant had obtained a discharge under the insolvent law, and in many other cases. Such permission existed as a matter of practice, resting in

the discretion of the court, and could not be overruled on appeal.

The numerous cases cited by the appellant's counsel, showing in what instances the court of equity jurisdiction will refuse permission to discontinue, without costs, have no pertinency in this court. Those cases were proper for the consideration of the court on the hearing of the application. They were authorities on the question of practice in that court. But this court has not the power to correct errors of practice in the inferior court. We are also cited to various statutes in relation to costs, and particularly to 2 *R. S.* 613, § 1, which provides that a plaintiff, in dismissing his bill or petition in a court of equity, shall pay to the defendant his costs to be taxed, except in certain cases there specified. But the Code abrogated these statutory provisions, and declared when, and under what circumstances, parties were entitled to recover costs, and they can now have them in no other cases. We are of the opinion that the order and judgment appealed from must be affirmed, but without costs of appeal.

All the judges concurred in dismissal of appeal from orders without costs, and affirmance of judgment without costs.

Judgment affirmed, without costs of appeal.